Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000682
07-APR-2015
08:50 AM

NO. CAAP-12-0000682

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LINN M. KIYUNA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTA-11-05236)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Linn M. Kiyuna (Kiyuna) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 6, 2012, in the District Court of the First Circuit, Wai'anae Division (district court).[1] Kiyuna was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(4) (Supp. 2014).[2]

---

[1] The Honorable Lono Lee presided.

[2] HRS § 291E-61 provides in pertinent part:

§291E-61 Operating a vehicle under the influence of an intoxicant. (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(continued...)

On appeal, Kiyuna contends:

(1) the district court erred by allowing the original complaint to be amended to include the requisite *mens rea* for the alleged violation of HRS § 291E-61(a)(1); and

(2) the district court erred by denying his motion to suppress the results of his blood test because (a) he was misled and/or inadequately advised of his rights, thus he did not knowingly and voluntarily consent to the blood test in violation of his due process rights, (b) he should have been advised of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to being asked whether he would take a breath or blood alcohol test, and (c) he was deprived of an attorney and specifically advised that he had no right to an attorney, in violation of HRS § 803-9 (2014).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kiyuna's points of error as follows and affirm.

The parties stipulated to the evidence in this case. Based on that evidence, Kiyuna's vehicle was involved in a motor vehicle collision at about 8:23 p.m. on November 20, 2011. The officer at the scene detected a strong alcohol type odor emitting from Kiyuna's breath. Kiyuna agreed to take a field sobriety test, which he failed. He was arrested at about 9:25 p.m. and transported to the Kapolei police station around 10:15 p.m. At the police station, Kiyuna was provided a copy of a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form), which was read to him at about 10:30 p.m. Kiyuna initialed the portion of the form that stated

---

[2](...continued)

   . . . [or]

  (4)   With .08 or more grams of alcohol per one hundred milliliters or cubic centimeters of blood.

he "[a]greed to take a breath test and refused the blood test[,]" and signed and dated the form. Kiyuna was given two opportunities to provide a sample on the intoxilizer machine, but both attempts were not valid allegedly due to Kiyuna blocking the air passage with his tongue. Kiyuna then stated that he wanted to do a blood draw. Kiyuna was read a form entitled "Sanctions for Use of Intoxicants While Operating a Vehicle & Implied Consent for Testing" and checked that he "[a]greed to take a blood test and refused the breath test" at 11:15 p.m.[3] He was transported to the Pearl City police station, where the blood draw was administered. The blood test showed that Kiyuna had a blood level of .10 grams ethanol per 100cc of whole blood.

(1) Kiyuna contends that the district court erred by allowing the State to amend the complaint to allege the requisite *mens rea* for the HRS § 291E-61(a)(1) charge, in order to comply with the Hawai'i Supreme Court's ruling in State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012).

In State v. Kam, 134 Hawai'i 280, 339 P.3d 1081 (App. 2014), *cert. granted*, SCWC-12-0000897 (Apr. 2, 2015), this court addressed the same arguments Kiyuna raises here and held that

> the District Court had the discretion to permit the State to amend the charges in the complaint before trial "if substantial rights of the defendant are not prejudiced." Here, Kam does not claim that her substantial rights were prejudiced by the State's amendment of the OVLPSR-OVUII charge and the HRS § 291E-61(a)(1) portion of the OVUII charge before trial to allege the required mens rea.

---

[3] The Sanctions & Implied Consent Form informed Kiyuna, among other things, that:

> 13. __ If you refuse to be tested, criminal charges may be filed against you under part IV, Prohibited Conduct, section 291E or if applicable, you may be subject to the sanctions of section 291E-65.

Id. at 286, 339 P.3d at 1087.[4] As in Kam, Kiyuna does not argue that his substantial rights were prejudiced by the amended charge. Therefore, his first point of error is without merit.

Moreover, Kiyuna was also convicted under the HRS § 291E-61(a)(4) charge, which could have proceeded regardless of the amended complaint because it is a strict liability offense that does not require the allegation of a *mens rea*. See Nesmith, 127 Hawai'i at 58-61, 276 P.3d at 627-30. In Nesmith, the Hawai'i Supreme Court held that HRS § 291E-61(a)(3) was a strict liability offense that can serve as a separate basis for a conviction under HRS § 291E-61. Id. at 61, 276 P.3d at 630. The court noted that "driving under the influence of alcohol, as measured by blood alcohol content, [is] a per se offense[.]" Id. at 59, 276 P.3d at 628. The court cited previous case law which provided that Driving Under the Influence was a per se offense under HRS § 291-4(a)(2) (1985), the predecessor statute to HRS § 291E-61(a)(3) and (4). Id. at 58, 276 P.3d at 627. The Nesmith court held that because the current HRS § 291E-61(a) is nearly identical to its predecessor, "the line of cases holding HRS § 291-4(a)(2) to be an absolute liability offense continues to apply with the same force . . . ." Id. at 60, 276 P.3d at 629. The court ruled that although the HRS § 291E-61(a)(1) charge was insufficient for failing to allege a *mens rea*, the (a)(3) charge was sufficient to affirm the defendants' convictions. Id. at 61, 276 P.3d at 630. It follows that HRS § 291E-61(a)(4) is similarly a strict liability offense and the Nesmith analysis applies. See Nesmith, 127 Hawai'i at 62 n.2, 276 P.3d at 631 n.2 (Acoba, J. concurring and dissenting) (noting that although (a)(4) was not charged in that case, "the analysis

---

[4] This court based its decision on Hawai'i Rules of Penal Procedure Rule 7(f)(1), which provides:

> *(f) Amendment.*
> (1) The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced.

4

set forth [by the majority opinion] would likewise apply to that provision").  Accordingly, subsections (a)(1) and/or (a)(4) could serve as the basis for Kiyuna's conviction in this case.

Therefore, Kiyuna's first point of error is without merit.

(2) As to Kiyuna's contention that the district court erred in denying his motion to suppress the results of his blood test, the issues raised by Kiyuna were considered and rejected by this court in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), cert. granted, SCWC-12-0000858 (June 24, 2014).  Based on the decision in Won, the district court did not err in denying Kiyuna's motion to suppress the results of his blood test.

Given that the results of Kiyuna's blood test established that he had a blood alcohol content of 0.10, he was properly convicted under HRS § 291E-61(a)(4).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 6, 2012, in the District Court of the First Circuit, Wai'anae Division, is affirmed.

DATED:  Honolulu, Hawai'i, April 7, 2015.


On the briefs:

Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5